UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

STEVEN KELLY, ESQUIRE
Stern & Eisenberg, PC
1040 N. Kings Highway, Suite 407,
Cherry Hill, New Jersey 08034
Telephone: (609) 397-9200
FACSIMILE: (856) 667-1456
(COUNSEL FOR MOVANT)

Order Filed on February 19, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Michael H. Goldberg
Iris Goldberg
    Debtor
---
HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF COMMUNITY DEVELOPMENT FUND IV TRUST
    Movant
v.
Michael H. Goldberg
Iris Goldberg
    Respondents

Case Number: 18-33136-RG

Chapter 13

Judge: Rosemary Gambardella

### ORDER APPROVING STIPULATION/CONDITIONAL ORDER SETTLING THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: February 19, 2020**

*/s/ Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

MFR – APO/STIP BF

(page 2)
Debtors: Michael H. Goldberg, Iris Goldberg
Case Number: 18-33136-RG
Caption of Order: Order Approving Stipulation/Conditional Order Settling the Motion for Relief from the Automatic Stay

---

Upon the Motion of HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF COMMUNITY DEVELOPMENT FUND IV TRUST (Movant) through its Counsel Stern & Eisenberg PC, attorneys for secured creditor, under Bankruptcy Code (section 362(d)) for relief from the automatic stay as to certain property, 22 Burnet Hill Road, Livingston, NJ 07039 ("Property"), and the entry of the Order settling the Motion for Relief and for cause shown, it is hereby ORDERED and DECREED as follows:

1. At the date of this Order, Michael H. Goldberg and Iris Goldberg ("Debtors") acknowledges that Debtors are due and owing for post-petition regular monthly payments as referenced in the filed Motion for Relief (Doc 104).
2. Debtors shall make monthly adequate protection payments in the amount of $1,150.00 to Movant for taxes and insurance on the subject property.
3. Debtors have proposed to complete sale of subject property on or before March 31, 2020 per Amended Plan filed on December 3, 2019 (Doc 120).
4. Upon completion of the sale of the property, Movant is to receive funds sufficient to payoff the entirety of its lien.
5. All payments due to the Movant from the Debtor are to be made directly to BSI Financial Services, Inc. and making sure that Creditor's loan number appears on all payments.
6. In the event that Movant alleges that Debtor has failed to comply with obligations under paragraph 3 & 5 of this Stipulation, Movant and/or Counsel may give Debtor and Debtor's counsel notice of the default and if such default is not cured within ten (10) days of said notice, upon certification to the court of such default, and request for Order, with a copy to Debtor and Debtor's counsel, the Court may grant Movant immediate relief from the bankruptcy stay, per the form of attached Order which is made part hereof as Exhibit "A". Debtor shall pay for each notice of default issued by Movant as a result of the Debtor's failure to comply with this Stipulation.

MFR – APO/STIP BF

(page 3)
Debtors: Michael H. Goldberg, Iris Goldberg
Case Number: 18-33136-RG
Caption of Order: Order Approving Stipulation/Conditional Order Settling the Motion for Relief from the Automatic Stay

---

7. The failure by the Movant, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Movant's rights hereunder. In the event Debtor fails to comply with the terms of this Order for more than 30 days, Movant may submit a certification of default and proposed Order for Relief from the Automatic Stay to the court and serve a copy of such Certification of Default upon the Debtor and Debtor's counsel. Fourteen days after receipt of a Certification of Default, the court will enter an order granting Movant relief from the automatic stay unless the Debtor has filed an objection to the Certification of Default specifying reasons for the objection; in which case the court will set a hearing on the objection.
8. Upon issuance of the aforesaid Order, the parties hereto further agree that Movant may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.
9. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtor fails to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Movant shall be granted immediate relief from the automatic stay and may also request entry of the form of Relief Order.

~~David A. Ast, Esquire~~ Robert L. Schmidt
COUNSEL FOR DEBTOR


/s/ Steven Kelly, Esquire
STEVEN KELLY, ESQUIRE
STERN & EISENBERG, PC
ATTORNEY FOR MOVANT

MFR – APO/STIP BF